UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DELORIS A. GIBSON, | Case No. 2:16-01885-GMN-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | (Am. Compl. – ECF No. 5) |
| Defendant. | |

This matter involves Plaintiff Deloris A. Gibson's appeal and request for judicial review of the Commissioner of Social Security, Defendant Carolyn W. Colvin's final decision denying her claim for disability insurance benefits under the Social Security Act (the "Act"), 42 U.S.C. §§ 401–33, §§ 1381–83. Plaintiff has submitted an Amended Complaint (ECF No. 5) in accordance with the court's Screening Order (ECF No. 3) dismissing the original complaint with leave to amend. The Amended Complaint is referred to the undersigned for re-screening pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-4 of the Local Rules of Practice.

I.  **RE-SCREENING THE AMENDED COMPLAINT**

After granting a request to proceed *in forma pauperis*, a federal court must additionally screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "applies to all *in forma pauperis* complaints"). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). For purposes of § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic*

- 1 -

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether a plaintiff states a valid claim, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

Here, Ms. Gibson's Amended Complaint challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits and supplemental security income under Titles II and XVI of the Act. *See* Am. Compl. (ECF No. 5). To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Starr*, 652 F.3d at 1216. To do so, a complaint should state when and how a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including when she claims she became disabled. The complaint should also contain a short and concise statement identifying the nature of the plaintiff's disagreement with the SSA's determination and show that the plaintiff is entitled to relief. *See, e.g.*, *Sabbia v. Comm'r of Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009) (when submitting a complaint for judicial review to the district court, social security appellants "must not treat the matter as a simple formality" by filing "extremely perfunctory" allegations), *aff'd sub nom.*

*Sabbia v. Astrue*, 433 F. App'x 462 (7th Cir. 2011). Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015).

### A.     Grounds for Plaintiff's Appeal

The Amended Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the Court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of a decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the Commissioner's findings; and (b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In the Screening Order (ECF No. 3), the court found that the original Complaint satisfied the administrative exhaustion and residency prerequisites for judicial review. *Id*. at 3. Ms. Gibson also alleged the nature of her disability and the date she became disabled. *Id*. at 4. However, the Complaint merely alleged that the decision to deny Gibson benefits was wrong but failed to indicate *why* the decision was wrong other than by reciting the general standards that govern the court's review of the SSA's decision. *Id*. The court therefore dismissed the Complaint with leave to amend. *Id*.

In her Amended Complaint, Ms. Gibson alleges "the errors of law and the lack of substantial evidence to support the final agency decision" was set forth in her counsel's May 18, 2015 correspondence to the Appeals Council (the "May 2015 Letter"). *See* Am. Compl. (ECF No. 5) ¶ 7. Gibson attached the May 2015 Letter to the Amended Complaint as an addendum. *See id*., Exhibit B. Generally, a district court may not consider any material beyond the pleadings when it conducts its review of a complaint under Rule 12(b)(6). *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, "a court may 'consider certain materials—documents attached to the complaint, documents incorporated by

- 3 -

reference in the complaint, or matters of judicial notice' " when reviewing a complaint pursuant to Rule 12(b)(6). *Kizer v. PTP, Inc.*, 129 F. Supp. 3d 1000, 1005 (D. Nev. 2015) (quoting *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003)). The May 2015 Letter states that the ALJ ignored and mischaracterized medical evidence to support the finding of a light residual functioning capacity with typical conditions. Am. Compl. Ex. B at 10. The letter further asserts that the ALJ did not reconcile the weight of medical opinions by engaging in "self-contradictory assessments of the medical opinion evidence." *Id*. Additionally, the letter contends that the ALJ erred at step two by failing to include her mental and right foot impairments as severe impairments. *Id*. at 12–13. The Amended Complaint, in conjunction with the May 2015 Letter, contains sufficient allegations to give the Defendant fair notice of Ms. Gibson's disagreement with the SSA's final determination. The court therefore finds that her Amended Complaint states a claim for initial screening purposes under 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED**:

1. The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Amended Complaint to the U.S. Marshal for service.

2. Ms. Gibson shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Amended Complaint by certified mail to: (1) Office of Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear St., Suite 899, San Francisco, California 94105-1545; and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400, Washington, D.C. 20530.

3. Following the filing of an answer, the court will issue a scheduling order setting a briefing schedule.

4. From this point forward, Ms. Gibson shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for the court's consideration. Ms. Gibson shall include with the

- 4 -

original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendant or counsel for the Defendant.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge or the Clerk that fails to include a certificate of service.

Dated this 30th day of September, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE