# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DELORIS A. GIBSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:16-cv-01885-GMN-PAL |
| CAROLYN W. COLVIN, | ) **ORDER** |
| Defendant. | ) |

Pending before the Court is the Verified Petition for Permission to Practice ("Verified Petition"), (ECF Nos. 6,15)[1], filed by Petitioner Howard D. Olinsky ("Petitioner"). As discussed below, the Verified Petition is **DENIED** for Petitioner's repeated appearances in this District in contravention of the Local Rules.

## I. LEGAL STANDARD

Federal courts are authorized to promulgate local rules of practice by 28 U.S.C. § 2071 and Federal Rule of Civil Procedure 83. *See United States v. Hvass*, 355 U.S. 570, 575 (1958). In addition, 28 U.S.C. § 1654 empowers each federal district to regulate the admissions of attorneys: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.

In order to practice in the District of Nevada, an attorney must be "admitted to practice before the Supreme Court of Nevada." L.R. IA 11-1(a). Alternatively, out-of-state attorneys not admitted to practice law in this District may move for admission to practice in a particular

---

[1] Petitioner filed a Notice of Corrected Document, (ECF No. 15), to replace his original Verified Petition, (ECF No. 6). All references to the Verified Petition refer to the corrected petition.

case *pro hac vice* pursuant to certain requirements imposed by Local Rule IA 11-2.  Pursuant to this rule, a petitioner must, *inter alia*, (1) attest that "the attorney is a member in good standing of the court or courts" to which the attorney has been admitted to practice; (2) "associate a resident member of the bar of this court as co-counsel"; and (3) pay the appropriate fee. L.R. IA 11-2(b).  Upon receipt of the verified petition, "[t]he court may grant or deny a petition to practice." *Id.* 11-2(h).

Although courts commonly permit out-of-state lawyers to appear *pro hac vice*, such practice is guaranteed neither by statute nor by the Constitution. *See e.g.*, *Leis v. Flynt*, 439 U.S. 438, 443 (1979) (per curiam) ("[T]he Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another."). The Supreme Court has observed that "in many District Courts, the decision on whether to grant *pro hac vice* status to an out-of-state attorney is purely discretionary." *Frazier v. Heebe*, 482 U.S. 641, 651 n.13 (1987).

## II. **DISCUSSION**

According to Local Rule IA 11-2(h), "[i]t is presumed in civil and criminal cases that more than 5 appearances by any attorney granted under this rule in a 3-year period is excessive use of this rule." L.R. IA 11-2(h)(1).  To exceed this limitation, "[t]he attorney has the burden to establish special circumstances and good cause." *Id.* 11-2(h)(2).  In his Verified Petition, Olinsky seeks what would be his eighth appearance in the District of Nevada in less than two years. (*See* Verified Pet. at 6, ECF No. 15) (listing Olinsky's seven appearances in this District since February 6, 2015).  The Court therefore presumes the Verified Petition constitutes excessive use of the Local Rules, and Olinsky must establish "special circumstances and good cause" to overcome this presumption. *See* L.R. IA 11-2(h)(1)–(2).

To make the required showing, Olinsky asserts that his "appearance is required . . . to represent claimants who have been denied Social Security disability benefits." (Olinsky Aff.

¶ 4, ECF No. 15-1).  According to Olinsky, these claimants have "a severely limited 60-day period in which to secure qualified counsel and initiate litigation or their cause of action becomes untimely and subject to dismissal." (*Id.*).  Further, Olinsky states that his "non-resident status . . . enhances this Court's ability to adjudicate these appeals because of the experience that [Olinsky's law firm] bring[s] to bear in preparing appeals for claimants." (*Id.* ¶ 6).

The Court concludes that Olinsky's explanation falls short of demonstrating "special circumstances and good cause" justifying an additional appearance in this District in excess of the Local Rules.  Indeed, Olinsky's reasoning applies equally to all social security appeals and in no way explains why this specific appeal requires his particular representation.  Because the Court determines that Olinsky's serial appearances in this District amount to a regular practice in Nevada in subversion of the Local Rules, the Verified Petition is denied.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Olinsky's Verified Petition, (ECF Nos. 6, 15), is **DENIED**.

**DATED** this \_\_1\_\_ day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court