UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Deloris A. Gibson,  )
 )
             Plaintiff,  )  Case No.: 2:16-cv-01885-GMN-BNW
   vs.  )
 )  **ORDER**
Kilolo Kijakazi, Acting Commissioner of  )
Social Security, [1]  )
 )
             Defendant.  )
 )

Pending before the Court is Plaintiff Deloris A. Gibson's ("Plaintiff's") Motion for Attorney Fees, (ECF No. 33), brought under the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412. Defendant Andrew Saul ("Defendant") did not file a response.

Also pending before the Court is Plaintiff's Motion for Attorney Fees, (ECF No. 35), brought under 42 U.S.C. § 406(b), to which Defendant also failed to respond.

For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 2412 and **GRANTS** Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b).

I. **BACKGROUND**

This case arises out of Plaintiff's application for social security disability benefits and supplemental social security income, which was denied by the Commissioner of Social Security. (*See* Report and Recommendation ("R&R") 1:22–25, ECF No. 31); (Am. Compl. ¶ 1, ECF No. 5). After Plaintiff's claim was denied, she timely requested a hearing before an

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Federal Rule of Civil Procedure 25(d), Andrew Saul is substituted for the previous Acting Commissioner as the defendant in this suit.

1  Administrative Law Judge ("ALJ"). (*Id*. at 1:24–25). On February 10, 2015, the ALJ found
2  that Plaintiff was not disabled. (*Id*. at 1:24–2:1). Plaintiff then requested review of the ALJ's
3  decision by the Appeals Council, which was also denied on June 6, 2015. (*Id*. at 2:3).

4      Plaintiff appealed her case to the United States District Court for the District of Nevada,
5  signing a Fee Agreement to retain the Olinsky Law Group and Howard D. Olinsky.
6  ("Counsel"). (*See* Fee Agreement, Ex. A to Mot. Att'y Fees, ECF No. 35-2). On September 1,
7  2016, Plaintiff filed a Complaint in this Court, seeking judicial review of the Commissioner's
8  decision. (*See generally* Compl., ECF No. 4). On September 10, 2019, the Court entered its
9  Order adopting the R&R to remand Plaintiff's case to the Social Security Administration.
10 (Order, ECF No. 32). Upon remand, the Social Security Administration awarded Plaintiff a
11 total of $102,887.60 for past due Social Security disability benefits from August 2012 to June
12 2020. (Mot. Att'y Fees 2:21–24, ECF No. 35); (Notice of Award, Ex. B to Mot. Att'y Fees,
13 ECF No. 35-3). Plaintiff now requests: (1) $6,122.15 in attorney fees and $11.50 in expenses
14 under the EAJA and (2) $19,721.90 for counsel's time spent before the Court pursuant to 42
15 U.S.C. § 406(b). (Mot. Att'y Fees 4:12–6, ECF No. 35); (Mot. Att'y Fees 2:9–11, ECF No. 33).

16 **II.   LEGAL STANDARD**

17    **A.  Attorney Fees Pursuant to 42 U.S.C. § 406(b)**

18     42 U.S.C. § 406(b) states, "[w]henever a court renders a judgment favorable to a
19 claimant . . . who was represented before the court by an attorney, the court may determine and
20 allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of
21 the total of the past-due benefits to which the claimant is entitled by reason of such judgment."
22 In the circumstance of an agreement between the claimant and counsel on attorney's fees for
23 such representation, the United States Supreme Court has instructed that courts generally must
24 respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v.*
25 *Barnhart*, 535 U.S. 789, 793 (2002). Nevertheless, the Court has an "affirmative duty" to

ensure the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). Moreover, "[t]he attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148. The Ninth Circuit in *Crawford v. Astrue* highlighted three factors to consider in determining the reasonableness of the attorney's fees. *Astrue*, 586 F.3d 1142 (9th Cir. 2009).

> First, no reduction in fees due to substandard performance was warranted. [. . .] Second, no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits. Finally, the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved.

(*Id.* at 1151–52).

### B. Attorney Fees Pursuant to the EAJA

Under 28 U.S.C. § 2412(d)(1)(A) of the EAJA:

> eligibility for a fee award in any civil action requires: (1) that the claimant be "a prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167 (9th Cir. 2019) (quoting *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 158 (1990)), *cert. denied*, 140 S. Ct. 424 (2019). The government bears the burden of showing that its position was substantially justified. *Gonzalez v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

Like an award of attorney fees under 42 U.S.C. § 406(b), an EAJA award must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001). To assess reasonableness, courts examine factors such as: (1) the number of hours reasonably expended on the case; (2) the reasonable hourly rate; and (3) the plaintiff's level of success. *Id.* at 1145, 1147 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

Under the EAJA, courts "must determine the hourly rate 'according to the prevailing market rates in the relevant community.'" *Bundorf v. Jewell*, 336 F. Supp. 3d 1248, 1253 (D. Nev. 2018) (quoting *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).  The EAJA imposes a statutory cap of $125 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit has set the maximum hourly rate, adjusted to reflect increases in the cost of living, for the years 2015 through 2020 at various rates between $190.28 and $207.78.  A prevailing party may claim "fees and other expenses" that include "reasonable attorney fees," 28 U.S.C. § 2412 (d)(2)(A).  Additionally, a prevailing party may claim "its paralegal fees… at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

### III.  DISCUSSION

The Court will first discuss an award of attorney fees under 42 U.S.C. § 406(b), before turning to an award of fees and costs under the EAJA.

**A. Attorney Fees Pursuant to 42 U.S.C. § 406(b)**

Counsel supports its pending request for $19,721.90 in attorney fees by providing the Fee Agreement signed by Plaintiff when she retained Counsel for this matter. (*See* Fee Agreement ¶ 2, Ex. A to Mot. Att'y Fees, ECF No. 35-2).  This Fee Agreement provides that, "if [Plaintiff's] federal court attorney wins [Plaintiff's] case in federal court . . . [he] has the right to ask the court to award any remaining balance of 25% of [Plaintiff's] past-due benefits . . . for representing [Plaintiff] in federal court" (*Id.*).

After reviewing Plaintiff's Motion, (ECF No. 35), and the supporting evidence, the Court finds that a sufficient showing has been made to support the request for $19,721.90 in attorney fees pursuant to 42 U.S.C. § 406(b).  First, the record does not reflect substandard representation or dilatory conduct by Counsel in order to increase the accrued amount of past-

due benefits. (*See* R&R 1:22–2:21) (detailing Plaintiff's initial claim for benefits on March 1, 2012, timely appeal of the denial of her claim to the Appeals Council, and timely appeal of the Appeals Council's affirmance of denial to this Court).  Second, the final requested award does not appear excessive considering the time Counsel spent on this case.  In total, Counsel spent approximately 34.7 hours of attorney and paralegal time working on Plaintiff's case. (Ledger Gibson, Deloris A.., Ex. C to Mot. Att'y Fees, ECF No. 35-4).  The requested fee of $19,721.90 results in an effective hourly rate of $568.35, which is reasonable, especially when considering that courts within this circuit have found much higher hourly fee requests to be reasonable. *See, e.g.*, *Kocan v. Colvin*, No. 2:14-cv-01058-JAD-NJK, 2016 WL 888828, at *2 (D. Nev. Feb. 16, 2016), *report and recommendation adopted*, No. 2:14-cv-01058-JAD-NJK, 2016 WL 884886 (D. Nev. Mar. 7, 2016) (approving an effective hourly rate of roughly $727.00); *Melendez Meza v. Berryhill*, No. EDCV 16-1286-KS, 2019 WL 1751833, at *3 (C.D. Cal. Feb. 25, 2019) ("The Ninth Circuit has found reasonable fees with effective hourly rates exceeding $900, and the Central District of California has repeatedly found reasonable fees with effective hourly rates exceeding $1,000 per hour.").  Finally, another fact that reinforces the reasonableness of the fee requested here is that Counsel seeks less than the full amount authorized by the Fee Agreement with Plaintiff, which would be over $25,000 based on 25% of Plaintiff's $102,887.60 backpay award.  Accordingly, the Court finds that the requested attorney's fees of $19,721.90 is reasonable.

      **B.  Attorney Fees Pursuant to the EAJA**

      In the present case, the government makes no claim that its position was "substantially justified," and thus, has not met the burden required to deny EAJA relief.[2] *See* 28 U.S.C. § 2412(d)(1)(A); *Gonzalez*, 408 F.3d at 618.  Accordingly, the Court's inquiry into Plaintiff's request for EAJA attorney fees and expenses will focus on the reasonableness of the request.

---

[2] The government did not oppose either of Plaintiff's Motions for Attorney Fees.

Plaintiff's Counsel requests $6,122.65 in attorney fees and supports this request by providing the Court with an itemized ledger of hours spent and services provided on Plaintiff's case, an Affirmation and Waiver of Direct Payment of EAJA Fees signed by the Plaintiff, and the hourly rates charged by the attorneys and paralegals. (Professional Time, Ex. A to Mot. Att'y Fees, ECF No. 33-2); (Att'y Time, Ex. B to Mot. Att'y Fees, ECF No. 33-3); (Att'y Time, Ex. C to Mot. Att'y Fees, ECF 33-4); (Affirmation and Waiver, Ex. E to Mot. Att'y Fees, ECF No. 33-6). Counsel supports its request for an additional $11.50 with a ledger for certified mail expense on October 11, 2016. (Expenses, Ex. D to Mot. Att'y Fees, ECF No. 33-5).

After reviewing Counsel's Motion, (ECF No. 33), and the supporting evidence, the Court finds that a sufficient showing has been made to support the reasonableness of the $6,133.65 request for attorney fees and costs under the EAJA. Counsel's itemization demonstrates that attorneys worked a total of 27.4 hours on this case. (Att'y Time, Ex. B to Mot. Att'y Fees, ECF No. 33-2). Counsel is requesting an attorney hourly rate of $192.68 for 2.7 hours worked in 2016, $196.79 for 23.2 hours worked in 2017, and $204.25 for 1.5 hours worked in 2019, in accordance with the Ninth Circuit's maximum rates, for a total of $5392.15. (Mot. Att'y Fees 6:15–24, ECF No. 33). *See also Statutory Maximum Rates Under Equal Access to Justice Act*, UNITED STATES COURTS FOR THE NINTH CIRCUIT, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited January 11, 2022). Counsel is also requesting $100.00 per hour for 7.3 hours of paralegal time totaling $730.00. (Mot. Att'y Fees 6:26–27, ECF No. 33). There is nothing in the record to indicate that "special circumstances [would] make an award unjust," and thus, the Court finds that an EAJA award in this case is reasonable. *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, the Court awards EAJA fees for the $5,392.15 in attorney fees, the $730.00 in paralegal work, and $11.50 in expenses, for a total award of $6,133.65.

However, as here, when attorney fees are awarded under both the EAJA and 42 U.S.C. § 406(b), the claimant's counsel must refund the smaller of the two awards to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Fee awards may be made under both [the EAJA and Section 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee. Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits."). Because Plaintiff's Counsel has already been awarded attorney fees under 42 U.S.C. § 406(b), the EAJA award should be paid directly to Plaintiff. *See Petersen v. Colvin*, No. 2:13-cv-01147-RFB-GWF, 2018 WL 5258617, at *2 (D. Nev. Oct. 22, 2018).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b), (ECF No. 35), is **GRANTED**. A fee award in the amount of $19,721.90 for work before the Court is to be paid to Counsel, Howard D. Olinsky of the Olinsky Law Group, from the sums held by the Social Security Commissioner from Plaintiff's past due benefits.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees pursuant to 28 U.S.C § 2412, (ECF No. 33), is **GRANTED in part and DENIED in part**. A fee award in the amount of $6,133.65 in EAJA attorney fees and costs shall be made payable to Plaintiff Deloris A. Gibson.

**DATED** this __12__ day of January, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court